1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MSP RECOVERY CLAIMS, SERIES LLC,

Plaintiff,

v.

JAZZ PHARMACEUTICALS, PLC, et al.,

Defendants.

Case No.   5:23-cv-01591-EJD

**ORDER GRANTING MOTIONS TO DISMISS**

Re: Dkt. Nos. 49, 52

This case arises from Plaintiff's, MSP Recovery Claims, Series LLC ("MSP"), class action complaint alleging that Defendants Jazz Pharmaceuticals, PLC, Jazz Pharmaceuticals, Inc., and Jazz Pharmaceuticals Ireland, LTD (collectively, "Jazz"); Express Scripts, Inc., Express Scripts Specialty Distribution Services, Inc., Curascript, Inc., and Priority Healthcare Distribution, Inc., (collectively, "Express Scripts"); Caring Voice Coalition ("CVC"); and Adira Foundation ("Adira") (all collectively, "Defendants") conspired to raise the price and quantity of two pharmaceutical drugs in violation of 18 U.S.C. § 1962, as well as various states' consumer protection laws.  Class Action Compl. ("Compl."), ECF No. 1.  Before the Court are two motions to dismiss filed by Jazz and Express Scripts.  Jazz Mot. to Dismiss (" Jazz MTD"), ECF No. 49; Express Scripts Mot. to Dismiss ("Express Scripts MTD"), ECF No. 52.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court **GRANTS** Defendants' motions to dismiss.

## I.      BACKGROUND

### A.      Parties

Plaintiff MSP is a Delaware limited liability company with its principal place of business in Coral Gables, Florida.  Compl. ¶ 30.  MSP holds various claims recovery assignments, whereby MSP maintains the right to sue on behalf of assignors and pursue any and all rights, benefits, and causes of action arising from assignments.  *Id.* ¶ 31.  MSP brings this action to seek reimbursement for payments made by its assignor, a health care insurance company called SummaCare, Inc., ("SummaCare"), as well as additional unnamed "assignors" who provide health care insurance.  *Id.* ¶¶ 33–34.  MSP alleges that SummaCare made purchases of the pharmaceutical drugs at issue from at least January 1, 2011, until present.  *See id.* ¶ 35.

Defendant Jazz Pharmaceutical PLC is an Ireland public limited company with principal executive offices located in Dublin, Ireland.  *Id.* ¶ 37.  Defendant Jazz Pharmaceuticals Ireland, Ltd., is a corporation organized and existing under the laws of Ireland having a principal place of business in Dublin, Ireland.  *Id.*  Defendant Jazz Pharmaceuticals, Inc., is a corporation organized and existing under the laws of the State of Delaware having a principal place of business in Palo Alto, California.  *Id.*

Defendants, Express Scripts Holdings Company, Express Scripts, Inc., and Express Scripts Specialty Distribution Services, Inc., are Delaware corporations with their principal places of business located in St. Louis, Missouri.  *Id.* ¶ 39.  Defendant Priority Healthcare Distribution, Inc., d/b/a CuraScript SD, is a wholly owned subsidiary of Express Scripts Holdings Company, Express Scripts, Inc., and Express Scripts Specialty Distribution Services, Inc., with its corporate offices in Memphis, Tennessee.  *Id.* ¶ 40.  Defendant CuraScript, Inc., d/b/a CuraScript SD, f/k/a CuraScript Pharmacy, Inc., is a wholly owned subsidiary of Express Scripts Holdings Company, Express Scripts, Inc., and Express Scripts Specialty Distribution Services, Inc, with its corporate offices located in Lake Mary, Florida.  *Id.* ¶¶ 41–42.

Defendant CVC is an Idaho nonprofit corporation with its principal place of business in Richmond, Virginia.  *Id.* ¶ 48.  Defendant Adira is the successor corporation of CVC.  *Id.* ¶ 51.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### B.    Factual Background

This case arises out of Defendants' alleged conspiratorial kickback scheme to circumvent congressionally mandated co-payments and increase the unit price and quantity of two prescription drugs manufactured by Jazz: Xyrem and Prialt ("Subject Drugs").  Compl. ¶¶ 1, 3–4.

MSP alleges the following.  The scheme began when Jazz and CVC conspired to create two funds at CVC to help patients pay their co-payments for the Subject Drugs.  *Id.* ¶ 4.  Jazz was the sole donor to these funds and referred patients to CVC for help paying for the Subject Drugs. *Id.* ¶¶ 4, 201.a., 202.a.  CVC almost exclusively used these funds for the Subject Drugs, requiring patients who were seeking other competing drugs to obtain a denial letter from another assistance plan before helping them.  *Id.* ¶¶ 4, 239.  Essentially, Jazz funneled money through CVC to pay for its drug's own co-payments in order to increase the number of prescriptions and thereby receive more money from the Medicare program and insurance companies.  *See id.*  In the course of the scheme, Jazz increased the Subject Drugs' price by 150%.  *Id.* ¶ 239.g.  Jazz also paid other pharmacies, including Express Scripts, to refer patients to CVC.  *Id.* ¶ 6.  Upon receiving co-pay assistance from CVC, these pharmacies would generate and submit claims for payment directly to SummaCare (as well as additional unnamed assignors).  *Id.*  MSP alleges that SummaCare paid over $700,000 in beneficiaries' claims for the Subject Drugs from 2001 through present, which MSP alleges is more money than they would have paid had the price and quantity not been inflated as the result of Defendants' scheme.  *Id.* ¶¶ 28, 68.

In April of 2019, Jazz entered into a settlement with the U.S. Department of Justice ("DOJ") regarding the same general conduct alleged here.  *Id.* ¶ 18.  Jazz paid the DOJ $57 million to settle claims that Jazz violated the AKS and False Claims Act.  *Id.*; *see also* Compl., Ex. 1, ECF No. 1-2 (copy of settlement).

Jazz and Express Scripts argue in their motions to dismiss that MSP lacks Article III standing, MSP fails to allege a valid assignment contract, the complaint is an impermissibly shotgun pleading, MSP's claims are time-barred, Express Script is not subject to personal jurisdiction, and MSP fails to plead facts sufficient to state a claim for relief.  *See* Jazz MTD;

Case No.: 5:23-cv-01591-EJD
ORDER GRANTING MOTIONS TO DISMISS

1    Express Scripts MTD.

2    **II.    LEGAL STANDARD**

3        **A.    Rule 12(b)(1)**

4            A district court must dismiss an action if it lacks jurisdiction over the subject matter of the

5    suit.  Fed. Rules Civ. Pro. 12(b)(1).  Once a defendant moves to dismiss for lack of subject matter

6    jurisdiction, the plaintiff has the burden of establishing the court's jurisdiction.  *Chandler v. State*

7    *Farm Fut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

8        **B.    Rule 12(b)(6)**

9            A complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a

11   complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  When

12   deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept

13   as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  While

14   a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer

15   "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'"  *Id.* at 678

16   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must construe the

17   alleged facts in the light most favorable to the plaintiff.  *See Retail Prop. Trust v. United Bd. of*

18   *Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true

19   all factual allegations in the complaint and draw all reasonable inferences in favor of the

20   nonmoving party.").  However, "courts are not bound to accept as true a legal conclusion couched

21   as a factual allegation." *Iqbal*, 556 U.S. at 678.

22           Claims sounding in fraud must also meet the heightened pleading requirements of Federal

23   Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th

24   Cir. 2003).  Under Rule 9(b), a party "must state with particularity the circumstances constituting

25   fraud."  Fed. R. Civ. P. 9(b).  Typically, Rule 9(b) requires the party alleging fraud to plead "the

26   who, what, when, where, and how" of the misconduct.  *Vess*, 317 F.3d at 1106 (quoting *Cooper v.*

27   *Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

28   Case No.: 5:23-cv-01591-EJD
     ORDER GRANTING MOTIONS TO DISMISS
                                            4

United States District Court
Northern District of California

1     If the court concludes that a 12(b)(6) motion should be granted, the "court should grant

2  leave to amend even if no request to amend the pleading was made, unless it determines that the

3  pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d

4  1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.   DISCUSSION

6     The Court finds that MSP has failed to plead an Article III injury-in-fact,[1] therefore the

8  [1] Notably, this Order follows an extensive line of cases whereby district courts have found standing issues with MSP's similar pleadings. *See, e.g., MSP Recovery Claims, Series LLC v. Actelion Pharms. US, Inc.*, No. 22-CV-07604-JSC, 2023 WL 5725517, at *8 (N.D. Cal. Sept. 5, 2023) (collecting cases); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, No. 22-CV-01419 (DLF), 2023 WL 2770432, at *5 (D.D.C. Apr. 4, 2023) (finding "the Court cannot accept inferences that are unsupported by the facts set out in the complaint") (cleaned up); *MSP Recovery v. Metro. Gen. Ins. Co.*, 2023 WL 168758, *2 (S.D. Fla. Jan. 12, 2023) (Plaintiffs' "unhelpful[ ]" claims data tables "fail[ed] to clearly set forth any injuries"); *MSP Recovery Claims, Series LLC v. Plant Insulation Co. Asbestos Settlement Tr.*, No. 21-CV-08602-RS, 2022 WL 767276, at *1 (N.D. Cal. Mar. 11, 2022) (collecting cases); *MSP Recovery Claims, Series LLC v. Grange Ins. Co.*, No. 19-CV-219, 2019 WL 6770729, at *6, *16 (N.D. Ohio Dec. 12, 2019) (finding that Plaintiff must "allege facts demonstrating that the MAOs incurred reimbursable costs and were not reimbursed" and evaluating the validity of the assignments as part of the jurisdictional inquiry) (internal quotation marks omitted); *MSP Recovery Claims, Series LLC. v. Progressive Corp.*, No. 18-CV-2273, 2019 WL 5448356, at *10–13 (N.D. Ohio Sept. 17, 2019) (same); *MAO-MSO Recovery II, LLC v. Gov't Emps. Ins. Co.*, No. 17-CV-711, 2018 WL 999920, at *6–7 (D. Md. Feb. 21, 2018) (describing the injury-in-fact as incurred costs without reimbursement and recognizing that plaintiffs must also make allegations of proper assignment to support jurisdiction); *MSP Recovery Claims, Series LLC v. New York Cent. Mut. Fire Ins. Co.*, No. 619CV00211MADTWD, 2019 WL 4222654, at *1 (N.D.N.Y. Sept. 5, 2019) ("Plaintiffs' strategy, it appears, is to throw their allegations into as many federal courts as possible and see what sticks. In each of these cases, Plaintiffs file deficient complaints, relying on courts to point out the problems, and then repeatedly amend their pleadings . . . . A pleading is not meant to be a means by which a party can discover if they actually have a claim."); *MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co.*, No. 18 C 7849, 2019 WL 6893007, at *3 (N.D. Ill. Dec. 18, 2019) ("Nine attempts to establish standing and plead a cause of action is enough. The Court denies leave to amend."); *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 322 F. Supp. 3d 1273, 1275 n.1 (S.D. Fla. 2018) (dismissing the action with prejudice for lack of subject matter jurisdiction after the plaintiffs "had multiple opportunities to amend their complaint"); *MSP Recovery Claims, Series LLC v. Auto-Owners Ins. Co.*, No. 1:17-CV-23841, 2018 WL 1953861, *6-7 (S.D. Fla. Apr. 25, 2018) (dismissing the case with prejudice where MSP Recovery Claims, Series LLC failed to allege facts to show standing "[d]espite its fourteenth attempt at pleading its claims [across four consolidated actions]"); *MSP Recovery Claims, Series LLC v. Tech. Ins. Co.*, Inc., No. 18 CIV. 8036 (AT), 2020 WL 91540, at *4 (S.D.N.Y. Jan. 8, 2020) ("This Court's decision to dismiss the complaint for lack of standing is similarly not singular, as it joins a growing contingent of courts that have dismissed complaints brought by Plaintiffs due to various standing defects."); *MSP Recovery Claims, Series LLC v. Endurance Am. Ins. Co.*, No. 20-23219-CIV, 2021 WL 706225, at *3 (S.D. Fla. Feb. 23, 2021) ("As the Plaintiff's legal conclusions are unsupported by factual allegations, and the Court cannot determine if [the] claim was actually assigned to the Plaintiff, the Court must dismiss . . . for lack of standing."); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins.*

1    Court dismisses solely on this ground and will not address Defendants' additional arguments at

2    this time.

3          "The plaintiff has the burden of establishing the three elements of Article III standing: (1)

4    he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent;

5    (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be

6    redressed by a favorable court decision." *Salmon Spawning & Recovery All. v. Gutierrez*, 545

7    F.3d 1220, 1225 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

8    (1992)).  Courts must assume the merits of a plaintiff's claim when considering Article III

9    standing.  *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 843 (N.D. Cal. 2018).

10         Here, MSP failed to plead an injury-in-fact that is concrete, particularized, and fairly

11   traceable to the challenged conduct.

12         As an initial matter, MSP lacks standing to bring claims on behalf of unidentified,

13   unenumerated assignors.  As the Ninth Circuit recently reiterated, "[s]tanding is not dispensed in

14   gross; instead, a plaintiff must demonstrate standing for each claim he seeks to press and for each

15   form of relief that is sought." *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. 21-56395, 2023

16   WL 1793469, at *2 (9th Cir. Feb. 7, 2023) (internal quotations omitted) (quoting *Davis v. Fed.*

17   *Election Comm'n*, 554 U.S. 724, 734 (2008)).  To satisfy Article III, "[a]t a minimum, Plaintiffs

18   must plead some specific facts alleging a specific named assignor assigned its claims to Plaintiffs

19   via a valid assignment agreement." *MSP Recovery Claims, Series LLC v. Actelion Pharms. US,*

20   *Inc.*, No. 22-CV-07604-JSC, 2023 WL 5725517, at *8 (N.D. Cal. Sept. 5, 2023) (declining to find

21   standing for MSP's unnamed assignors).

22         As to SummaCare, because MSP is suing on behalf of an assignor, MSP must sufficiently

23   allege that its assignor suffered an assigned injury-in-fact.  The basis for SummaCare's injury is

24

25   ─────────────────────
     *Co.*, No. 17-21289-CIV, 2018 WL 4956736, at *3 (S.D. Fla. Mar. 29, 2018) ("Absent the
26   conclusory assertions that 'Plaintiffs have been assigned all legal rights of recovery and
     reimbursement,' the Court cannot find any facts regarding the nature of that assignment, and
27   therefore has no basis for determining that a valid assignment exists.").

28   Case No.: 5:23-cv-01591-EJD
     ORDER GRANTING MOTIONS TO DISMISS
                                                    6

1    $700,000 in claims paid for the Subject Drugs from approximately January 1, 2011, to present.

2    Compl. ¶ 68.  MSP alleges that this amount is more than SummaCare should have paid due to the

3    unlawful inflation and increased sales for the Subject Drugs.  *Id.* ¶ 28.  To support its allegation

4    that SummaCare paid $700,000 in claims for the Subject Drugs, MSP attaches as Exhibit 15 a

5    chart with fourteen rows of various unexplained numbers and abbreviations.  Compl., Ex. 15, ECF

6    No. 1-16.

7           These allegations do not satisfy Article III standing.  First, it is unclear when MSP

8    experienced an alleged injury-in-fact.  The period of time that MSP alleges Defendants' engaged

9    in this scheme is unclear.  MSP largely references the DOJ's settlement with Jazz, which states

10   that the scheme occurred from 2011 through 2014.  *See, e.g.,* Compl. ¶ 18; Compl., Ex. 1, ECF

11   No. 1-2.  MSP also alleges in other parts of its complaint that Jazz paid CVC donations in

12   furtherance of the scheme from 2011 until 2016.  *See, e.g.,* Compl. ¶ 73.  Regardless of when the

13   conduct allegedly ended, MSP bases this lawsuit on $700,000 of claim payments for the Subject

14   Drugs from 2011 to the present, without identifying the payments made during the relevant period

15   of alleged fraud.  It is therefore impossible to know which years SummaCare experienced its

16   alleged injury—as pled, it is possible that SummaCare made claim payments, for example, in 2011

17   and then not again until after the scheme concluded in 2014 or 2016.  And further, as alleged in its

18   complaint, Jazz did not even acquire the rights to Prialt until 2012, which necessarily means that

19   MSP could not have paid out claims for Prialt in 2011.  *Id.* ¶ 169.  Second, MSP does not allege to

20   whom it paid $700,000.  It is unclear from the complaint if MSP paid any of these claims to any of

21   the identified Defendants, and MSP's incomprehensible chart does not lend any assistance.  In

22   sum, MSP's complaint fails to provide Defendants with proper notice of the injuries to which it

23   seeks recovery.

24          The Court is not requiring MSP to accomplish the impossible and plead facts solely in

25   Defendants' possession.  *Compare, e.g., Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 986

26   (N.D. Cal. 2016) (recognizing a relaxed pleading standard in fraud cases where missing details are

27   likely in the sole possession of the defendant) (citing *Schreiber Distributing Co. v. Serv-Well*

28   Case No.: 5:23-cv-01591-EJD
     ORDER GRANTING MOTIONS TO DISMISS

*United States District Court*
*Northern District of California*

1   *Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986)).  The Court is merely requiring that

2   MSP allege facts to show when SummaCare experienced an injury, what injury SummaCare

3   experienced during the relevant period of allegedly unlawful conduct, and to whom SummaCare

4   paid the $700,000 that serves as the basis of its injury.  *See Iqbal*, 556 U.S. at 664; *Twombly*, 550

5   U.S. at 570.

6   **IV.    CONCLUSION**

7         For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss with leave

8   to amend.  *See Lopez*, 203 F.3d at 1127.  Should MSP choose to file an amended complaint, it

9   must do so by January 5, 2024.

10        **IT IS SO ORDERED.**

11  Dated: December 12, 2023

12

13

14                                          _____
                                            EDWARD J. DAVILA
                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Case No.: 5:23-cv-01591-EJD
    ORDER GRANTING MOTIONS TO DISMISS
                                            8

United States District Court
Northern District of California